# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY R. RYLAND,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>Respondent. | Case No. 1:23-cv-01191-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO RELATE CASES BE GRANTED<br><br>(ECF No. 17)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Corey R. Ryland is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the undersigned recommends that Respondent's motion to relate cases be granted.

**I.**

**BACKGROUND**

On August 10, 2023, Petitioner filed a petition for writ of habeas corpus commencing the instant matter. (ECF No. 1.) Therein, Petitioner alleges that staff members at USP Terre Haute conspired to violate Petitioner's religious rights and prevented him from completing the Life Connection Program. (Id. at 6.[1]) Meanwhile, on August 7, 2023, Petitioner filed a § 2241 petition

---

[1] Page numbers refer to the pagination stamped at the top of the page.

1

1  in the United States District Court for the Central District of California challenging Petitioner's
2  custody classification, sentence computation, and education good time credits. (Petition, Ryland
3  v. Director of Bureau of Prisons, No. 1:23-cv-01211-SAB (E.D. Cal. Aug. 7, 2023), ECF No. 1.)
4  On August 11, 2023, that petition was ordered to be transferred to this Court. (Order, Ryland,
5  No. 1:23-cv-01211-SAB (E.D. Cal. Aug. 11, 2023), ECF No. 4.)

6  On October 6, 2023, Petitioner filed exhibits purportedly in support of his petition in this
7  case. (ECF No. 7.) On October 18, 2023, the undersigned found that the exhibits appeared to be
8  relevant to Petitioner's other pending habeas matter and ordered that the exhibits be filed in No.
9  1:23-cv-01211-SAB. (ECF No. 8.) Meanwhile, on October 16, 2023, Petitioner filed exhibits
10 purportedly in support of his petition in No. 1:23-cv-01211-SAB. (Exhibits, Ryland, No. 1:23-
11 cv-01211-SAB (E.D. Cal. Oct. 16, 2023), ECF No. 11.) On October 18, 2023, Judge Boone
12 found that the exhibits filed in No. 1:23-cv-01211-SAB appeared to be relevant to the petition in
13 the instant matter and ordered that the exhibits be filed in this proceeding. (Order, Ryland, No.
14 1:23-cv-01211-SAB (E.D. Cal. Oct. 18, 2023), ECF No. 13.)

15 On January 5, 2024, Respondent filed the instant motion to dismiss and motion to relate
16 cases. (ECF No. 17.) To date, no opposition or statement of nonopposition has been filed, and
17 the time for doing so has passed.

18                                             **II.**

19                                         **DISCUSSION**

20 In the motion, Respondent contends that Petitioner has "filed successive § 2241 petitions
21 raising the same or similar issues" that "are pending before two different jurists in the same
22 court." (ECF No. 17 at 2.) Respondent moves the Court to "strike all other petition claims,
23 pleadings, and supplements (after the 8/10/2023 petition initiating EDCA 23-cv-1191), without
24 prejudice, and thereafter provide Petitioner leave to file a single petition, *i.e.*, a single amended
25 petition in EDCA 23-cv-1191, in accordance with § 2244(a) and § 2241." (Id. at 3.) Respondent
26 also "moves that the matters, denoted EDCA 23-cv-1191 and EDCA 23-cv-1211, be
27 consolidated and related before the same jurist in a single denoted matter (same parties, same
28 issues, same factual background)." (Id.)

Local Rule 123 provides:

> **(a) Definition of Related Cases.** An action is related to another action within the meaning of this Rule when
>
> > (1) both actions involve the same parties and are based on the same or a similar claim;
> >
> > (2) both actions involve the same property, transaction, or event;
> >
> > (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
> >
> > (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.
>
> . . .
>
> **(c) Reassignment.** . . . If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(a), (c).

Here, for the reasons set forth below, the Court finds that Petitioner's new *pro se* petition in No. 1:23-cv-01211-SAB should be construed as a motion to amend the pending petition in the instant matter. Therefore, given "it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges," L.R. 123(a)(4), the undersigned recommends that Respondent's motion to relate cases be granted.

Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008); see also Grullon v. Ashcroft, 374 F.3d 137, 138 (2d Cir. 2004) (per curiam) (applying this line of reasoning to a § 2241 petition). Here, Petitioner filed a petition for writ of habeas corpus commencing the instant matter on August 10, 2023. (ECF No. 1.) Thereafter, a new *pro se* petition was transferred to this Court. (Order, Ryland, No. 1:23-cv-01211-SAB (E.D. Cal. Aug.

1  11, 2023), ECF No. 4.) Accordingly, the undersigned recommends that the Court construe the
2  new petition in No. 1:23-cv-01211-SAB as a motion to amend the pending petition in the instant
3  matter.

4  Respondent requests this Court to "provide Petitioner leave to file a single petition, *i.e.*, a
5  single amended petition in EDCA 23-cv-1191." (ECF No. 17 at 3.) Petitioner has not filed an
6  opposition or otherwise responded to Respondent's request. Therefore, the undersigned
7  recommends that the Court grant Petitioner leave to amend the petition in the instant matter.

## III.

## RECOMMENDATION & ORDER

10  Based on the foregoing, the undersigned HEREBY RECOMMENDS that:
11  1. Respondent's motion to relate cases (ECF No. 17) be GRANTED;
12  2. Ryland v. Director of Bureau of Prisons, No. 1:23-cv-01191-EPG, and Ryland v. Director
13     of Bureau of Prisons, No. 1:23-cv-01211-SAB, be related pursuant to Local Rule 123;
14  3. Ryland, No. 1:23-cv-01211-SAB, be reassigned to the judges assigned to the instant
15     matter;
16  4. The petition filed in Ryland, No. 1:23-cv-01211-SAB, be construed as a motion to amend
17     the pending petition in the instant matter;
18  5. The Court grant Petitioner leave to amend the petition in the instant matter; and
19  6. The Court administratively close Ryland, No. 1:23-cv-01211-SAB.

20  Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
21  the present matter.

22  This Findings and Recommendation is submitted to the United States District Court
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304
24  of the Local Rules of Practice for the United States District Court, Eastern District of California.
25  Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may
26  file written objections with the court and serve a copy on all parties. Such a document should be
27  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
28  objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 15, 2024**        /s/ *Erica P. Grosjean*
                                  UNITED STATES MAGISTRATE JUDGE