# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COREY R. RYLAND, | Case No. 1:23-cv-01191-EPG-HC |
|---|---|
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| DIRECTOR OF BUREAU OF PRISONS, | (ECF No. 20) |
| Respondent. | |

Petitioner Corey R. Ryland is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 25, 2024, the Court issued findings and recommendation recommending Respondent's motion to relate cases be granted and that Petitioner be granted leave to file an amended petition. (ECF No. 19.) On May 6, 2024, the Court received the instant motion for appointment of counsel. (ECF No. 20.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he "limited access to the law library/limited knowledge of the law." (ECF No. 20.) Upon review of the petition, the instant motion, and Petitioner's other submissions to the Court, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.[1]

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 20) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **May 8, 2024**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner also alleges that he is experiencing retaliatory tactics in the form of holding legal mail, delaying access to the law library, limiting access to copying cases, limiting phone, and officer harassment. A civil rights action is the proper method for a prisoner to challenge his conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), cert. denied sub nom. Sands v. Bradley, No. 23-488, 2024 WL 1607961 (U.S. Apr. 15, 2024). Although the All Writs Act allows a federal court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained," Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985) (citation omitted), Petitioner does not establish that he is unable to litigate his petition for writ of habeas corpus pending before this Court based on the above allegations. The Court notes, however, that if Petitioner becomes unable to litigate his petition, he may seek appropriate relief at that time.