# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY R. RYLAND,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>Respondent. | Case No. 1:23-cv-01191-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 34) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for appointment of counsel. (ECF No. 34.) Petitioner asserts that he is dealing with a "campaign of harassment" and retaliation by staff members at his facility. (Id. at 1.) Petitioner alleges that staff are withholding and delaying his legal mail[1] and that he has been denied access to the law library. (Id.) Petitioner accordingly requests that the Court appoint counsel so that he may overcome these obstacles.

Respondent filed a response along with a declaration from Petitioner's assigned Correctional Counselor. (ECF Nos. 38, 38-1.) Petitioner was placed in a special housing unit ("SHU") from October 30, 2024, through November 7, 2024, and again from November 16,

---

[1] For example, Petitioner alleges that he did not receive the Court's November 25, 2024 order until January 16, 2025.

1

1  2024, through at least February 28, 2025. (ECF No. 38-1 at 2.) Mail is delivered to inmates in the
2  SHU Monday through Friday except for holidays. (ECF No. 38-1 at 2.) With respect to the delay
3  in receiving the Court's November 25, 2024 order, the assigned Correctional Counselor declared:

> The master log of legal mail at USP Atwater does not reflect receipt of legal mail for Petitioner from the Clerk of the United States District Court for the Eastern District of California within the time frame that the Court's November 25, 2024, Order should have been received. If, however, the Clerk of Court did not mark the envelope containing the Court's November 25, 2024, Order, "Special mail – Open only in the presence of the inmate", it was likely treated as general mail and not logged into the master log of legal mail. For that reason, it is impossible for staff to verify when Petitioner actually received the Court's November 25, 2024, Order.

10 (Id. at 3.)
11      While SHU inmates do not have a designated time to access the law library, SHU inmates
12 may submit an inmate request to staff. Here, Petitioner requested use of the law library during his
13 first stay in the SHU but was returned to general population before he could be taken to the law
14 library. (ECF No. 38-12 at 4.) Petitioner also requested use of the law library during his second
15 stay in the SHU and was taken to the law library on December 14, 2024. (Id.)
16      In the reply, Petitioner acknowledges that he was taken to the law library on December
17 14, 2024, but he emphasizes that he did not receive the Court's November 25, 2024 order until
18 January 16, 2025. (ECF No. 44 at 1.) Petitioner also asserts that although he is no longer in the
19 SHU, Petitioner has been unlawfully transferred to U.S.P. Beaumont, which has been on
20 modified lockdown for the last two years. Petitioner contends that "counsel is needed to
21 overcome the campaign of harassment/retaliation tactic used by Respondent to cause Petitioner
22 discomfort in Petitioner['s] quest to be hard in court." (Id. at 2 (internal quotation marks
23 omitted).)
24      There currently exists no absolute right to appointment of counsel in habeas proceedings.
25 See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d
26 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of
27 counsel at any stage of the proceeding for financially eligible persons if "the interests of justice
28 so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of

1  success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light
2  of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
3  1983).

4      Petitioner asserts that counsel is needed, in part, due to a delay in receiving legal mail.
5  Petitioner emphasizes that he did not receive the Court's November 25, 2024 order until January
6  16, 2025. (ECF No. 44 at 1.) The November 25, 2024 order was an order granting Respondent's
7  motion for extension of time to file a response to the first amended petition. (ECF No. 30.) The
8  delay in receiving the order did not cause any prejudice to Petitioner. Despite the various
9  obstacles Petitioner alleges he has encountered, he has been able to file a reply in support of the
10 instant motion to appoint counsel. Further, Petitioner has filed an opposition to Respondent's
11 motion to dismiss. At this point in the proceedings, there is nothing more for Petitioner to do
12 with respect to litigating his petition.

13     Upon review of the petition and Petitioner's various submissions in this matter, the Court
14 finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved
15 and that he is able to articulate those claims adequately. The legal issues involved are not
16 extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits
17 such that the interests of justice require the appointment of counsel at the present time.

18     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of
19 counsel (ECF No. 34) is DENIED.

IT IS SO ORDERED.

Dated:   **May 30, 2025**              /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE