1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  COREY R. RYLAND, | Case No. 1:23-cv-01191-JLT-EPG-HC |
| 12            Petitioner, | |
| 13      v. | ORDER FOR SUPPLEMENTAL BRIEFING |
| 14  DIRECTOR OF BUREAU OF PRISONS, | |
| 15            Respondent. | |

16

17      Petitioner is a prisoner proceeding *pro se* with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2241.

19      In his second claim for relief, Petitioner asserts a violation of the "Educational Good

20  Time Credit Act of 2020," a "D.C. Law," arguing that the Federal Bureau of Prisons ("BOP")

21  "has effectively 'created' a new parole date . . . out of thin air" and not applied good time credits.

22  (ECF No. 27 at 3.[1]) In the motion to dismiss, Respondent contends that the BOP has awarded

23  Petitioner the maximum credits and accurately set Petitioner's projected parole eligibility date.

24  (ECF No. 33 at 3–4.) In the opposition, Petitioner states that his sentence is "40 years to life, not

25  the 50 years Respondent allegedly states Petitioner has" and contends that he "has a 'mandatory

26  minimum sentence of 40 years to life,' not a minimum sentence of 50 years 20 months to life as

27  the Respondent" claims. (ECF No. 45 at 1, 2.) Petitioner also argues that he has not been

28  _____

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

awarded all the educational good time he has earned while in the BOP, as outlined in administrative remedy case number 1147139-R1. (ECF No. 45 at 3.) In administrative remedy case number 1147139-R1, Petitioner claimed he was not given credit for programming for the following periods: January 2, 2002 to December 5, 2002; November 29, 2011 to July 5, 2012; and January 28, 2020 to July 1, 2021. (App. 261.[2])

Given the additional factual allegations and specific arguments set forth in the opposition regarding Petitioner's second claim for relief, the Court finds that supplemental briefing would assist the Court in this matter. Specifically, the parties should address Petitioner's contention that he was not awarded credits for programming for the following periods: January 2, 2002 to December 5, 2002; November 29, 2011 to July 5, 2012; and January 28, 2020 to July 1, 2021.

Accordingly, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Respondent shall file a supplemental brief addressing the issues set forth above; and

2. Within thirty (30) days of the date of service of Respondent's brief, Petitioner may file a response to Respondent's brief.

IT IS SO ORDERED.

Dated: __July 7, 2025__                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] "App." refers to the Appendix filed by Respondent. (ECF No. 33-1.) App. page numbers refer to the bolded page numbers stamped at the bottom of the page.