# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY R. RYLAND,<br><br>                Petitioner,<br><br>        v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>                Respondent. | Case No. 1:23-cv-01191-JLT-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO MAIL PETITIONER A COPY OF RESPONDENT'S SUPPLEMENT (ECF No. 52) AND FILE CERTIFICATE OF SERVICE WITH THE COURT |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 7, 2025, the Court ordered Respondent to file a supplemental brief and set a briefing schedule. (ECF No. 49.) On August 11, 2025, Respondent filed the supplement brief. (ECF No. 52.) On September 12, 2025, the Court received Petitioner's notice of change of address. (ECF No. 53.) Therein, Petitioner informs the Court that he moved facilities on or about August 26, 2025, has not received Respondent's supplemental brief, and is waiting to get his property.

Upon review of the supplemental brief, the Court notes that Respondent did not file a certificate of service. Local Rule 135(c) provides that "[w]hen service of any pleading, notice,

///

///

1

motion, or other document is required under Rule 135(b),[1] proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed."

Accordingly, the Court HEREBY ORDERS that within seven (7) days of the date of this order, Respondent SHALL mail Petitioner a copy of Respondent's supplemental brief (ECF No. 52) and file a certificate of service with the Court.

Per the Court's previous order, (ECF No. 49 at 2), Petitioner may file a response to Respondent's supplemental brief within thirty days of the date of service of the supplemental brief.

IT IS SO ORDERED.

Dated: **September 15, 2025**         /s/ Eric P. Grojean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] "If persons are not registered for the CM/ECF system, e.g., prisoners or pro se parties, the Notice will identify the persons who were not electronically served. Persons who were not electronically served must be conventionally served. Counsel shall serve these persons in accordance with the appropriate Federal Rules of Procedure." L.R. 135(b).

2