# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY R. RYLAND,<br><br>    Petitioner,<br><br>    v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>    Respondent. | Case No. 1:23-cv-01191-JLT-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO STAY BRIEFING<br><br>(ECF No. 61) |

Petitioner is a federal prisoner proceeding *pro se* with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 22, 2025, Respondent filed the instant motion to stay the briefing in this matter due to the lapse of funding affecting the Department of Justice ("Department") and the Bureau of Prisons ("BOP"). (ECF No. 61.) "Absent an appropriation, Department attorneys and employees of the BOP (Western Regional Office) are generally prohibited from working[1], even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" (Id. at 1 (footnote in original) (quoting 31 U.S.C. § 1342).)

---

[1] BOP attorneys and support staff are not permitted to work on any civil habeas matters during the government shutdown and have so advised the U.S. Attorney's Office. They are mostly furloughed, running minimal staff to handle only urgent matters of a criminal nature.

1

Based on the foregoing, the Court will GRANT Respondent's motion to stay (ECF No. 61) and STAY the briefing in this matter until the lapse of funding is resolved.[2]

Upon resumption of funding, the stay will be automatically lifted and within THIRTY (30) days Respondent SHALL FILE a response to Petitioner's motion to compel (ECF No. 56).

IT IS SO ORDERED.

Dated:   **November 5, 2025**              /s/ Eric P. Grosj
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] In the event Petitioner opposes the stay, Petitioner may file an opposition and the Court will reconsider whether a stay in briefing is appropriate in light of Petitioner's opposition.

2