**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY R. RYLAND,<br><br>        Petitioner,<br><br>    v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>        Respondent. | Case No. 1:23-cv-01191-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS FIRST AMENDED PETITION<br><br>(ECF Nos. 27, 33) |

Petitioner Corey R. Ryland is a prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the first amended petition.

**I.**

**BACKGROUND**

In 2000, Petitioner was convicted and sentenced for attempted armed robbery (Count B), possession of a firearm during a crime of violence (Counts C, E, G), first-degree murder while armed (Counts D, F), and carrying a pistol without a license (Count H) in the Superior Court of the District of Columbia. (App. 80, 91.[1]) Initially, Petitioner was sentenced to: fifteen to life on Count B with a mandatory minimum of five years; five to fifteen years on Count C with a mandatory minimum of five years; thirty years to life on Count D with a mandatory minimum of

---

[1] "App." refers to the Appendix filed by Respondent. (ECF No. 33-1.) App. page numbers refer to the bolded page numbers stamped at the bottom of the page.

1

thirty years; five to fifteen years on Count E with a mandatory minimum of five years; thirty years to life on Count F with a mandatory minimum of thirty years; five to fifteen years on Count G with a mandatory minimum of five years; and twenty months to five years on Count H. Counts B and D to run concurrent, Counts C, E, and G to run concurrent, and Counts D and F to run concurrent. (App. 91.) Thus, Petitioner was sentenced to an aggregate imprisonment term of thirty-six years and eight months to life with a mandatory minimum of thirty-five years. (App. 80.)

In 2011, Petitioner was resentenced to the following terms: fifteen years to life for attempted armed robbery (Count 2) with a mandatory minimum of five years; five to fifteen years for possession of a firearm during a crime of violence (Count 3) with a mandatory minimum of five years; thirty years to life for first-degree murder while armed (Count 6) with a mandatory minimum of thirty years; five to fifteen years for possession of a firearm during a crime of violence (Count 7) with a mandatory minimum of five years; and twenty months to five years for carrying a pistol without a license (Count 8). Counts 2, 6, 7, and 8 to run consecutive to each other, and Count 3 to run concurrent with Count 7. (App. 80, 92.) Thus, Petitioner was resentenced to an imprisonment term of fifty-one years and eight months[2] to life with a mandatory minimum of forty years. (App. 80–81.)

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 1–2; ECF No. 27 at 1–2; ECF No. 33 at 2.[3]) Petitioner commenced the instant action by filing a petition for writ of habeas corpus on August 10, 2023. (ECF No. 1.) As Petitioner simultaneously had two pending habeas petitions, the Court granted Respondent's motion to relate the cases and granted Petitioner leave to file an amended petition consolidating his various claims. (ECF No. 24.)

On September 26, 2024, Petitioner filed a first amended petition ("FAP"). (ECF No. 27.) Therein, Petitioner asserts the following claims for relief: (1) unlawful housing of District of Columbia code offenders in Federal Bureau of Prisons ("BOP") facilities, in violation of due

---

[2] Or fifty years and twenty months, as the parties have referred to this term of incarceration in their briefs.
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

process; (2) BOP's failure to correctly calculate and apply Petitioner's good time credits, resulting in an incorrect parole date; and (3) violation of the Religious Freedom Restoration Act ("RFRA"). (ECF No. 27 at 2–4.) On December 20, 2024, Respondent filed a motion to dismiss, arguing that this Court has no subject-matter jurisdiction over Petitioner's custody location claim, the BOP has correctly calculated and applied Petitioner's educational good time credits, and this Court has no subject-matter jurisdiction over Petitioner's Religious Restoration Act claim. (ECF No. 33.) On May 22, 2025, Petitioner filed an opposition. (ECF No. 45.) On July 7, 2025, the Court ordered the parties to file supplemental briefs. (ECF No. 49.) On August 11, 2025, Respondent filed a supplemental brief. (ECF No. 52.) On October 20, 2025, Petitioner filed his supplemental briefs. (ECF Nos. 58, 59.)

On October 22, 2025, Respondent filed a motion to stay the proceedings due to the lapse of funding affecting the Department of Justice and the Bureau of Prisons. (ECF No. 61.) The motion for stay was granted, and the stay was lifted on November 17, 2025. (ECF No. 62.)

## II.

## DISCUSSION

### A.  Custody Location

In Ground One, Petitioner appears to challenge being housed in a BOP facility and being subject to BOP policies rather than the D.C. Department of Corrections system. (ECF No. 27 at 2–3.) Respondent argues that this Court does not have habeas jurisdiction over a challenge to custodial location and that such a claim does not challenge the fact or length of his custody but rather his conditions of confinement. (ECF No. 33 at 2–3.)

A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "[A]n action sounds in habeas 'no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ... *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" Pinson v. Carvajal, 69 F.4th 1059, 1071 (9th Cir. 2023) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "[T]he relevant question is whether, based on the allegations in

3

the petition, release is *legally required* irrespective of the relief requested." Pinson, 69 F.4th at 1072. In Ground One, the petition does not challenge the fact or duration of Petitioner's confinement, and thus, it fails to state a cognizable federal habeas claim.[4] Accordingly, Respondent's motion to dismiss should be granted on this ground.

### B. Credits and Sentence Calculation

In Ground Two, Petitioner asserts that the BOP has failed to correctly calculate and apply Petitioner's good time credits, resulting in an incorrect parole date, in violation of the Educational Good Time Credit Act of 2020. (ECF No. 27 at 3.) Respondent contends that the BOP has awarded Petitioner the maximum good education time credits ("G-ETCs") and accurately set Petitioner's projected parole eligibility date. (ECF No. 33 at 3–4.)

In the opposition, Petitioner states that his sentence is "40 years to life, not the 50 years Respondent allegedly states Petitioner has" and contends that he "has a 'mandatory minimum sentence of 40 years to life,' not a minimum sentence of 50 years 20 months to life as the Respondent" claims. (ECF No. 45 at 1, 2.) Petitioner also argues that he was not awarded educational good time credits during the dates outlined in administrative remedy case number 1147139-R1. (ECF No. 45 at 3.) In administrative remedy case number 1147139-R1, Petitioner asserts that he was not given educational credits for programming for the following periods: January 2, 2002 to December 5, 2002; November 29, 2011 to July 5, 2012; and January 28, 2020 to July 1, 2021. (App. 261.)

Based upon the opposition, it appears that Petitioner's challenge regarding credits and his sentence calculation is two-fold. First, Petitioner claims that the BOP has allegedly misrepresented Petitioner's sentence as 50 years and 20 months to life rather than 40 years to life. Second, Petitioner argues that he was not awarded educational credits for programming for certain periods in 2002, 2011, 2012, 2020, and 2021.

---

[4] The Court notes that even if the claim could be raised in federal habeas corpus, Petitioner would not be entitled to relief. Pursuant to the National Capitalization Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11201, 111 Stat. 74 (1997) (codified at D.C. Code § 24-101 *et seq.*), "any person incarcerated pursuant to the District of Columbia Official Code is in BOP custody and subject to BOP regulations." Claros-Bey v. Shartle, 693 F. App'x 703 (9th Cir. 2017) (citing D.C. Code § 24-101(a)).

Here, Petitioner appears to confuse the mandatory minimum sentence with Petitioner's aggregate minimum sentence. The amended judgment states that a mandatory minimum term of forty years applies. (App. 92.) However, the actual sentence of the court was fifteen years to life on Count 2, five to fifteen years on Count 3, thirty years to life on Count 6, five to fifteen years on Count 7, and twenty months to five on Count 8 with Counts 2, 6, 7, and 8 to run consecutive to each other and Count 3 to run concurrent with Count 7. (App. 92.) Petitioner's minimum sentence is the total of the minimum time he must serve on each of the consecutive sentences. Thus, adding the minimum time Petitioner was sentenced on each of the consecutive Counts (fifteen years, five years, thirty years, and twenty months), results in a minimum term of fifty years and twenty months. Therefore, Petitioner is not entitled to habeas relief on this ground.

With respect to Petitioner's assertion that he was not awarded educational credits for programming for the periods of January 2, 2002 to December 5, 2002, November 29, 2011 to July 5, 2012, and January 28, 2020 to July 1, 2021, Respondent has conducted a re-examination of primary source documents, which turned out to be incomplete, and "BOP has determined Petitioner qualified for award of additional D.C. Educational Good Time Credit." (ECF No. 52 at 2.) "Petitioner has now been awarded an additional 40 days for Literacy/GED programming, which puts him at the 150-day maximum available for Literacy/GED programming pursuant to Section 8 of BOP Program Statement 5884.02, *Educational Good Time Sentence Credit for D.C. Code Offenders*," and  Petitioner's "sentence computation has been updated, and his Parole Eligibility Date has been moved up from October 31, 2042, to September 21, 2042." (ECF No. 52-1 at 2, 3.) As Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on this claim, the Court finds that no case or controversy exists and dismissal of this claim is warranted. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings" and means that "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.").

///

**C. Religious Freedom Restoration Act**

In Ground 3 of the FAP, Petitioner asserts a violation of the Religious Freedom Restoration Act, alleging that "a conspiracy by staff members at USP Terre Haute" who "formulated a plot to excommunicate [Petitioner] out of the Life Connections Program due to [Petitioner's] disagreement with the instructor of the Islamic class." (ECF No. 27 at 4.) Respondent argues that this claim should be dismissed for failure to exhaust administrative remedies and for lack of jurisdiction because conditions of confinement claims are not cognizable under § 2241. (ECF No. 33 at 5–6.)

"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). The Court finds that Petitioner's RFRA claim should be dismissed as moot.

Petitioner asserts a RFRA violation for his expulsion from the Life Connections Program at USP Terre Haute. However, Petitioner is no longer at USP Terre Haute and is currently incarcerated at USP Atwater. "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (quoting Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012)). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy," Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), and "RFRA does not authorize suits for money damages," Oklevueha Native Am. Church of Hawaii, Inc. v. Holder, 676 F.3d 829, 841 (9th Cir. 2012). Accordingly, the RFRA claim should be dismissed as moot.[5]

///

///

///

---

[5] As noted by Respondent, in "limiting his claim to a conspiracy against RFRA (religious) rights, Petitioner's [sic] does not challenge his 2/10/2022 BOP Code 203 violation for his threat to inflict bodily harm upon a BOP contract employee (Islamic Imam)" for which "Petitioner was sanctioned with only loss of privilege and monetary fine." (ECF No. 33 at 4 n.4.)

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 33) be GRANTED; and

2. The first amended petition for writ of habeas corpus (ECF No. 27) be DISMISSED; and

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 25, 2026**                /s/ _Erica P. Grosjean_
                                                            UNITED STATES MAGISTRATE JUDGE