**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY R. RYLAND,<br><br>            Petitioner,<br><br>      v.<br><br>DIRECTOR OF BUREAU OF PRISONS,<br><br>            Respondent. | No. 1:23-cv-01191 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING FIRST AMENDED PETITION, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 27, 33, 65) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2026, the magistrate judge issued findings and recommendations recommending that Respondent's motion to dismiss be granted and the first amended petition for writ of habeas corpus be dismissed. (Doc. 65.) After being granted an extension of time, Petitioner filed timely objections. (Docs. 67, 68.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The objections do not undermine the findings and recommendations, which correctly explain that (1) many of Petitioner's claims amount to challenges to conditions of confinement, which are not

1

cognizable in habeas; (2) to the extent he is challenging his good time credit calculations, which impact his parole eligibility dates, those claims are moot because he has been given the maximum amount of good time credits allowable by law; and (3) his Religious Freedom and Restoration Act claims are also moot. Of note, Petitioner continues to insist that his good time credits should be deducted from his mandatory minimum sentence of 40 years. Not so. Petitioner is serving a sentence is 51 years and 8 months **to life**, with a mandatory minimum of 40 years. The relevant provision of the D.C. Code is § 24–403.01a(a)(2), which provides:

> An award of good time credit pursuant to paragraph (1) of this subsection shall apply to the minimum and maximum term of incarceration, including the mandatory minimum; except, that in the event of a maximum term of life, only the minimum term shall receive good time.

This language requires application of his good time credits to the "minimum" term, which is 51 years and 8 months, not 40 years. Thus, as the findings and recommendations explain, his sentence and good time credits have been calculated and applied correctly.  Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on February 25, 2026 (Doc. 65) are **ADOPTED IN FULL**.

2. Respondent's motion to dismiss (Doc. 33) is **GRANTED**.

3. The first amended petition for writ of habeas corpus (Doc. 27) is **DISMISSED**.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **March 30, 2026**

_____
UNITED STATES DISTRICT JUDGE

2